IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM HACKLER<br>(BOP Register No. 44802-177),<br><br>    Movant,<br><br>V.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>No. 3:16-1928-O<br>(No. 3:12-cr-201-O-01) |

**OPINION AND ORDER**

Movant William Hackler, a federal prisoner, proceeding *pro se*, has filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. After considering the amended Section 2255 motion [Dkt. No. 4] and Movant's response to the Court's order regarding limitations, *see* Dkt. Nos. 5 & 6, the Court concludes that this action should be summarily dismissed as barred by the statute of limitations.

**Applicable Background**

After pleading guilty to possession with intent to distribute methamphetamine and to being a felon in possession of a firearm, Movant was sentenced on January 31, 2013 to concurrent sentences of 240 months of imprisonment (as to the drug count) and 120 months of imprisonment (as to the gun count). His convictions and sentences were affirmed by the United States Court of Appeals for the Fifth Circuit. *See United States v. Hackler*, 574 F. App'x 285 (5th Cir. 2014) (per curiam). And the United States

Supreme Court denied his petition for writ of certiorari on November 3, 2014. *See Hackler v. United States*, 135 S. Ct. 462 (2014).

This action was opened based on a letter Movant dated June 21, 2016, in which he requested additional time to submit a motion under Section 2255. *See* Dkt. No. 1. In compliance with the Court's July 5, 2016 order, Movant filed an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, *see* Dkt. No. 4, presenting claims (1) attacking his guilty plea; (2) asserting that his trial counsel was ineffective; and (3) contending that his conviction was obtained through a coerced confession, *see, e.g., id.* at 7. Because, upon review of the amended motion, it appeared that the facts supporting each of the claims were known to Movant at the time he was sentenced in January 2013, the Court ordered Movant to show cause in writing why this action should not be summarily dismissed as time-barred.

**Legal Standards**

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides for summary dismissal "[i]f it plainly appears … that the moving party is not entitled to relief." *Id.* Summary dismissal of a Section 2255 motion under this rule is appropriate if a motion is time-barred. *See, e.g., Alvarran v. United States*, No. 3:15-cv-3455-N-BN, 2015 WL 9243893, at *2 (N.D. Tex. Oct. 28, 2015), *rec. adopted*, 2015 WL 9194924 (N.D. Tex. Dec. 17, 2015) (citing *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999) ("even though the statute of limitations … is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*"); *Ferrante v. United States*, Nos. EP-08-CA-391-PRM

& EP-05-CR-277-PRM, 2008 WL 4960223, at *1 & n.3 (W.D. Tex. Nov. 18, 2008)).

But, "'before acting on its own initiative' to dismiss an apparently untimely [collateral attack of a conviction] as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original); *see Sosa-Saucedo v. United States*, No. 6:09cv491, 2011 WL 336456 (E.D. Tex. Jan. 31, 2011) (applying *Day* to Section 2255 motions).

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996) (the "AEDPA"), *codified at* 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of –

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year limitations period is also subject to equitable tolling in "rare and

exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

The Supreme Court also has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513

U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

**Analysis**

Movant's convictions and sentences became final when the Supreme Court denied his cert petition on November 3, 2014. *See United States v. Wheaten*, 826 F.3d 843, 846 (5th Cir. 2016) ("Although [the AEDPA] does not define when a conviction 'becomes final' for purposes of federal habeas review of a federal conviction, the Supreme Court stated in *Clay v. United States* that '[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" (quoting 537 U.S. 522, 527 (2003))). And Movant has failed to explain why he could not have asserted the current claims within one year from that date. As such, under Section 2255(f)(1), the current Section 2255 motion, filed no sooner than June 21, 2016 – the handwritten date on Movant's motion requesting additional time to file a Section 2255 motion – is filed more than seven months too late unless statutory or equitable

tolling applies.

Upon examination of Movant's response to the limitations-show-cause order, *see* Dkt. No. 6, the Court concludes that, to the extent that Movant asserts that alleged misrepresentations by prosecutors or his transfers between facilities within the Federal Bureau of Prisons – or the usual difficulties inherent in incarceration – delayed the filing of the Section 2255 motion, Movant has not shown that statutory tolling under Section 2255(f)(2) applies.

As to Section 2255(f)(2), in the context of 28 U.S.C. § 2244(d)(1) (relevant to federal review of state convictions and sentence), which provisions "closely track corresponding portions of § 2255," *Clay*, 537 U.S. at 528, the Fifth Circuit has held that, in order to invoke statutory tolling based on an alleged government impediment, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law," *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). "These requirements imply an element of causality and materiality with respect to a prisoner's ability to file his section 2255 motion or federal petition. Thus, [a petitioner] 'must also show that ... [the impediment] actually *prevented* him from timely filing his habeas petition.'" *Clark v. United States*, Nos. 3:13-cv-1851-N-BK & 3:92-cr-382-N-1, 2013 WL 5873294, at *2 (N.D. Tex. Nov. 1, 2013) (quoting *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011); citations omitted; emphasis in *Krause*); *see also Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003) ("'Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition.'" (quoting *Dunker v.*

*Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001))).

The impediments that Movant alleges do not show that unconstitutional government action prevented the timely filing of the current motion.

As no other statutory provision plausibly could apply, the Section 2255 motion is clearly untimely unless equitable tolling applies.

But Movant has not shown that the one-year limitations period should be equitably tolled. That is, he has not claimed "that some extraordinary circumstance" prevented him from asserting the claims he now brings in his Section 2255 motion in a timely manner. *See, e.g.*, *Holland v. Florida*, 560 U.S. 631, 649 (2010) (a movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). As this language implies, "the burden is on" Movant "to show rare, exceptional, or extraordinary circumstances beyond his control that made it impossible for him to timely file" his Section 2255 motion. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted). This he has not done.

## Evidentiary Hearing

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this instance, the matters reviewed by the

Court conclusively show that Movant is entitled to no relief.

## Certificate of Appealability

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event Movant elects to file a notice of appeal, the Court notes that he will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

## Conclusion

This Section 2255 action is summarily dismissed as barred by limitations.

SO ORDERED.

DATED: January 6, 2017.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE